**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOEL HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | Judge |
| TACOS SAHUAYO, INC. d/b/a TACOS ) | |
| NIETOS, AGUSTIN ARCEO, individually, ) | Magistrate Judge |
| and FRANCISCO ARCEO, individually, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

Plaintiff Joel Hernandez, by and through his attorneys, for his complaint against Defendants Tacos Sahuayo, Inc. d/b/a Tacos Nietos, Agustin Arceo, individually, and Francisco Arceo, individually, states as follows:

**INTRODUCTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance, Chicago. Ill., Code § 1-24-010 *et seq.* ("Chicago MW") for Defendants' failure to pay Plaintiff: 1) overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA, IWML, and the Chicago MW, and 2) at least the federal-, Illinois-, and Chicago-mandated minimum wages for all time worked in violation of the FLSA, the IMWL, and the Chicago MW.

## JURISDICTION AND VENUE

2. This court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state and municipal law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

**A.  Plaintiff**

4. During the course of his employment, Plaintiff Joel Hernandez:

   a. handled goods that move in interstate commerce;

   b. was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/3, and the Chicago MW, Chicago, Ill., Code § 1-24-010; and

   c. resides in and is domiciled in this judicial district.

**B.  Defendants**

5. Within the relevant time period, Defendants have done business as Tacos Nietos at two locations within this judicial district.

6. Within the relevant time period, Defendants have operated their two Tacos Nietos restaurants as a joint enterprise. For example,

   a. Tacos Nietos restaurants share common principal officers;

   b. Tacos Nietos restaurants use common human resources to administer the two restaurants it operates; and

    c.     Tacos Nietos restaurants operate their two locations under a common business purpose.

7.     Within the relevant time period, Defendant Tacos Sahuayo, Inc. d/b/a Tacos Nietos:

    a.     has been a corporation organized under the laws of the State of Illinois;

    b.     has conducted business in Illinois and within this judicial district;

    c.     has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

    d.     has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    e.     was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

8.     Within the relevant time period, Defendant Agustin Arceo:

    a.     has been an operator of Tacos Nietos;

    b.     among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

    c.     operates within this judicial district and within the state of Illinois; and

       d.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c), and the Chicago MW, Chicago, Ill., Code § 1-24-010.

9.      Within the relevant time period, Defendant Francisco Arceo:

       a.      has been the owner and operator of Tacos Nietos;

       b.      among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiff, to authorize payment of wages to Plaintiff, to sign on the company's checking accounts, including any payroll accounts, and to participate in any decisions regarding the operation of the business and employment policies and practices;

       c.      operates within this judicial district and within the state of Illinois; and

       d.      was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS 105/3(c) and the Chicago MW, Chicago, Ill., Code § 1-24-010.

## FACTUAL BACKGROUND

10.      During the relevant time period, Defendants owned and operated two (2) Tacos Nietos restaurants, located at 3335 E. 106th Street, Chicago, Illinois ("106th Street"), and 2863 E. 95th Street, Chicago, Illinois ("95th Street").

11.      From approximately September 2015 through approximately April 19, 2018, Plaintiff was employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street.

12.      However, during his employment with Defendants, Defendants also directed Plaintiff to work at the Tacos Nietos restaurant located on 95th Street.

4

13. Within the three (3) years prior to Plaintiff filing this Complaint, Defendants regularly and customarily required Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times his regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

14. Defendants instead paid Plaintiff a fixed salary for all time worked, including all time worked in excess of forty (40) hours in individual work weeks.

15. Defendants' practice resulted in a failure to compensate Plaintiff at time and a half his regular rate, which resulted in violations of the overtime requirements of the FLSA, the IMWL, and the Chicago MW.

16. During the relevant time period, Defendants paid Plaintiff a set amount of wages each week as compensation for all hours worked in that individual work week.

17. This compensation scheme resulted in Plaintiff's hourly rate to fall below the federal-, Illinois-, and Chicago-mandated minimum wage rates, resulting in violations of the minimum wage requirements of the FLSA, the IMWL, and the Chicago MW.

## COUNT 1
### Violation of the FLSA-Overtime Wages

Plaintiff incorporates and re-alleges paragraphs 1 through 17 of this Complaint as though set forth herein.

18. This Count arises from Defendants' violation of the FLSA for Defendant's failure to pay Plaintiff one and a half times his regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks, described more fully in paragraphs 13-15, *supra.*

19. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks in the three (3) years prior to Plaintiff filing this lawsuit.

20. Plaintiff was not exempt from the overtime provisions of the FLSA.

21. Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

22. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

23. Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours worked in individual workweeks was a violation of the FLSA.

24. Plaintiff is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work-week was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorney's fees and costs of this actions as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the IMWL- Overtime Wages

Plaintiff incorporates and re- alleges paragraphs 1 through 24 of this Complaint as though set forth herein.

25. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work

weeks, described more fully in paragraphs 13-15, *supra*.

26. Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual workweeks in the three (3) years prior to Plaintiff filing this lawsuit.

27. Plaintiff was not exempt from the overtime provisions of the IMWL.

28. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

29. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

30. Defendants' failure to pay Plaintiff overtime wages for all hours worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

31. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this lawsuit up until the entry of judgment on this case.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, as provided by the IMWL;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the FLSA – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 31 of this Complaint set forth as though herein.

32. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiff the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 16-17, *supra*.

33. Plaintiff was directed to work and, in fact, did work, but was not compensated at the mandated federal minimum wage rate for all time worked.

34. Plaintiff was entitled to be compensated at the mandated federal minimum wage rate pursuant to the FLSA.

35. Defendants violated the FLSA by failing to compensate Plaintiff the mandated federal minimum wage rate for all time worked.

36. Plaintiff is entitled to recover unpaid wages for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay the mandated federal minimum wage was a willful violation of the FLSA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the federally-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Liquidated damages in the amount equal to the unpaid minimum wages;

C. That the Court declare that Defendants violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorney's fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the IMWL – Minimum Wages

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 36 of this Complaint as though set forth herein.

37. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiff the minimum rate of pay for all time worked in individual work weeks, described more fully in paragraphs 16-17, *supra*.

38. Plaintiff was directed to work and, in fact, did work, but was not compensated at the Illinois-mandated minimum wage rate for all time worked.

39. Pursuant to 820 ILCS 105/4, Plaintiff was entitled to be compensated at least the then-mandated Illinois minimum wage rate for all hours worked.

40. Defendants violated the IMWL by failing to compensate Plaintiff the Illinois-mandated minimum wage rate for all time worked.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid minimum wages, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments, for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of the difference between the Illinois-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B. Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorney's fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.;* and

F.  Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Chicago MW – Minimum Wage

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 41 of this Complaint as though set forth herein.

42.  This Count arises from Defendants' violation of the Chicago MW for Defendants' failure to pay Plaintiff the minimum City of Chicago-mandated rate of pay for all time worked in individual work weeks, described more fully in paragraphs 16-17, *supra*.

43.  Plaintiff was directed to work and, in fact, did work, but was not compensated at least the City of Chicago-mandated minimum wage rate for all time worked.

44.  Plaintiff was entitled to be compensated at the City of Chicago-mandated minimum wage rate pursuant to the Chicago MW.

45.  Defendants violated the Chicago MW by failing to compensate Plaintiff the City of Chicago-mandated minimum wage rate for all time worked.

46.  Pursuant to Chicago, Ill., Code § 1-24-110, Plaintiff is entitled to recover three times (3x) the amount of the unpaid minimum wages for three (3) years prior to the filing of this lawsuit.

WHERFORE, Plaintiff prays for a judgment against Defendants as follows:

A.  A judgment in the amount of three times (3x) the difference between the City of Chicago-mandated minimum wage rate and the hourly wage paid to Plaintiff;

B.  That the Court declare that Defendants violated the Chicago MW;

C.  That the Court enjoin Defendants from violating the Chicago MW;

D.  Reasonable attorneys' fees and costs of this action as provided by the Chicago MW, Chicago, Ill., Code § 1-24-110; and

E.  Such other and further relief as this Court deems appropriate and just.

                                                Respectfully submitted,

Dated: August 28, 2018                        <u>s/Javier Castro</u>
                                                Javier Castro
                                                Lydia Colunga-Merchant
                                                Raise the Floor Alliance –Legal Dept.
                                                1 N. LaSalle, Suite 1275
                                                Chicago, IL 60602
                                                (312) 795-9115

                                                *Attorneys for Plaintiff*