IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOEL HERNANDEZ,

    Plaintiff,

    v.

TACOS SAHUAYO, INC., d/b/a TACOS NIETOS, AGUSTIN ARCEO, individually, and FRANCISCO ARCEO, individually,

    Defendants.

Case No. 18-cv-05883

Judge: Honorable Marvin E. Aspen

### Memorandum In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint For Lack Of Subject Matter Jurisdiction

Introduction

Plaintiff Joel Hernandez has filed a two count Complaint alleging that Defendants Tacos Sahuayo (d/b/a Tacos Nietos), Agustin Arceo and Francisco Arceo have violated either the Fair Labor Standards Act, (29 U.S.C. § 201 *et. seq.*) or the Illinois Minimum Wage Law (820 ILCS 105 *et. seq.*). Defendants hereby move to dismiss the FLSA Counts of Plaintiff's Complaint for failure to state a claim, as Plaintiff's Complaint fails to sufficiently allege that he is covered under the FLSA, or that Defendants are subject to liability under the "enterprise coverage" theory.

Individual Coverage

The FLSA imposes minimum hourly and overtime wage requirements for employees engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §§ 203 (b); 206 (a); 207 (a)(1). The law provides for "individual coverage" or "enterprise coverage" *Id.*

Individual coverage under the FLSA applies when the employee's work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as

to be, in practical effect, a part of it, rather than isolated, local activity." *Martinez v. Manolos Tamales, Inc.,* No. 14 C 9686, 2015 WL 5144024, at •1-2 (N.D. Ill. Aug. 31, 2015). *quoting, Mitchell v. C.W. Vollmer & Co.,* U349 U.S. 427, 429 (1955). Here Plaintiff merely alleges that:

> "Plaintiff … handled goods that move in interstate commerce"

as an employee in Defendant's restaurants. (Complt. par. 4(a)). Plaintiff fails to state what "goods" Plaintiff handled that move in interstate commerce, or even what job Plaintiff performed or what position he held at Defendant's restaurants.

Several courts in this District have held that similar conclusory allegations are insufficient to support individual coverage under the FLSA. *Martinez, supra,* 2015 WL 5744024 at 2 (finding plaintiff's work cooking and cleaning at restaurants insufficient to raise inference that she produced goods for or engaged in interstate commerce); *Urrutia v. Buena Vista Rest. & Bar,* No. 14 C 01356, 2014 WL 7403463, at •2 (N.D. Ill.Dec. 29, 2014) (finding restaurant worker's individual coverage allegations "conclusory in nature");

Plaintiff's half sentence, general statement, that he handled goods that move in interstate commerce is simply insufficient to show that he was plausibly employed in work that was "directly and vitally related" to interstate commerce. Plaintiff's claim (if there was one) that he qualified for "individual coverage" under FLSA should be dismissed.

<u>Enterprise Coverage</u>

Employers which have employees engaged in interstate commerce and which have at least $500,000.00 in annual gross sales are required to observe the minimum hourly and overtime wage mandates in the FLSA. 29 U.S.C. §203 (s)(1)(A)(i), (ii).

Plaintiff's Complaint contains no detailed allegations concerning the nature of Plaintiff's business such that it would lead to a plausible inference that Plaintiff is engaged in interstate commerce. Rather, Plaintiff's complaint contains a conclusory, one sentence statement that Plaintiff:

> "is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA."

Pl's Complt. par. 7(c).

Moreover, Plaintiff's Complaint utterly fails to make any allegation regarding the threshold $500,000.00 in gross annual sales or business.

Both of the above-mentioned pleading deficiencies doom the viability of Plaintiff's Complaint. As the Court in *Macias v. All Ways, Inc.,* 16-cv-11630, at 5-6, explained:

> As an initial matter, Plaintiff's enterprise coverage allegations fail because Plaintiff has not alleged that Defendants had at least $500,000 in annual gross sales or business. Indeed, Plaintiff's complaint does not contain any allegations about the amount of All-Ways' sales or the scope of its business, and thus, "the Court cannot accept as true [Plaintiff's] conclusory allegation that [All-Way] is a qualifying enterprise for FLSA purposes." Urrutia, 2014 WL 7403463, at *3 (dismissing complaint for failure to allege restaurant met gross sales requirement such that it would be qualifying enterprise under FLSA); Jacoby, 2010 WL 3171515, at *2–3 (granting summary judgment for defendant because plaintiff failed to show defendant's gross sales reached $500,000).
>
> In addition to failing to allege the sales threshold, Plaintiff's allegations also fail because Plaintiff's conclusory, one-sentence allegation that Defendants "engaged in commerce or in the production of goods for commerce" is devoid of any of the detail, specific or broad, that would lead to an inference that Defendants engage in interstate commerce. While Plaintiff is not required to provide detailed factual allegations regarding enterprise coverage, he must allege more than a conclusory allegation of enterprise coverage that lacks any facts about the nature of Defendants' work or how it might be connected to interstate commerce. In Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F. Supp. 2d 1373, 1377–78 (S.D. Fla. 2012), for example, the court dismissed the plaintiff's FLSA claim because he failed to sufficiently allege enterprise coverage. The court explained that the plaintiff "provide[d] no factual allegations about the nature of [the plaintiff's] work or the nature of [the defendant's] business" and made no allegations tying the defendant's business to interstate commerce. Id. See also Hughes v. Scarlett's G.P., Inc., No. 15-CV-5546, 2016 WL 454348, at *3 (N.D. Ill. Feb. 5, 2016) (dismissing complaint in part because plaintiffs "offer[ed] no specific details of interstate commerce"); Topp v. Lone Tree Athletic Club, Inc., No. 13-CV-01645-WYD-KLM, 2014 WL 3509201, at *7 (D. Colo. July 15, 2014) (dismissing complaint because it "provide[d] no factual allegations about the nature of [d]efendant's business" or whether such business was tied to interstate commerce). Plaintiff has simply alleged no facts about his work for Defendants, the nature of Defendants' business, or how that business is tied to interstate commerce.

In sum, Plaintiff's Complaint fails to allege what is necessary to demonstrate either "individual" or "enterprise" coverage under the FLSA. The counts of Plaintiff's Complaint alleging claims under the FLSA, the only claims giving this Court subject matter jurisdiction, should, therefore, be dismissed.

When no claims remain under the FLSA against the enterprise, a putative individual defendant, whose liability is ultimately derivative of the enterprise's liability, cannot himself be liable. *Collins v. ARP Renovations, and Maintenance, LLC,* (D.N.J., 2018) at 9. Accordingly, the individual defendants, Augustin Arceo and Francisco Arceo, are entitled to be dismissed as defendants if the Court grants the Motion to Dismiss Plaintiff's FLSA claims.

Finally, if this Court should dismiss Plaintiff's FLSA claims, it should refuse to exercise supplemental jurisdiction over Plaintiff's state law claims, as provided in 28 U.S.C. section 1367 (c) (3).

Respectfully submitted,

*/s/ Richard Grossman*
Richard Grossman

Richard Grossman
211 West Wacker, Suite 710
Chicago, IL 60606
(312) 750-9308