**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOEL HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-CV-05883 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| TACOS SAHUAYO, INC. d/b/a TACOS ) | |
| NIETOS, AGUSTIN ARCEO, individually, ) | Magistrate Judge M. David Weisman |
| and FRANCISCO ARCEO, individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**I.  Introduction**

On October 31, 2018, Defendants Tacos Sahuayo, Inc. d/b/a Tacos Nietos, Agustin Arceo, individually, and Francisco Arceo, individually, (hereinafter "Defendants") moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff failed to sufficiently plead both enterprise coverage and individual coverage under the Fair Labor Standards Act ("FLSA"). For the reasons set forth, this Court should find that Plaintiff has sufficiently pleaded facts in his Complaint that establish both enterprise coverage and individual coverage under the FLSA. If this Court finds that Plaintiff has not sufficiently pleaded enterprise coverage and individual coverage under the FLSA, then this Court should grant Plaintiff leave to amend his Complaint pursuant to the Court's order.

**II.  Argument**

    a.  *Legal Standard*

According to Fed. R. Civ. P. 12(b)(6), a motion to dismiss challenges the sufficiency of the complaint and not the merits. *Guzman v. Target Corp.,* 2018 U.S. Dist. LEXIS 193563, *3 (N.D.

Ill. Nov. 14, 2018). Courts generally read complaints liberally when considering motions to dismiss. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Graff v. Leslie Hindman Auctioneers, Inc.*, 2018 U.S. Dist. LEXIS 159812, *6-7 (N.D. Ill. Sept. 18, 2018). *See also Torres v. Pallets 4 Less, Inc.*, 2015 U.S. Dist. LEXIS 24545, *3 (N.D. Ill. Mar. 2, 2015).

Furthermore, to survive a rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1955, 67 L. Ed. 2d 929 (2007). "A claim has facially plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In determining whether the inference is plausible, the court can rely on its judicial experience and common sense. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). A complaint should only be dismissed if the plaintiff would not be entitled to relief under any set of facts that could be proven consistent with the allegations. *Aranda v. J Vega's Constr., Inc.,* 2018 U.S. Dist. LEXIS 110268, at *4 (N.D. Ill. July 2, 2018).

The FLSA imposes minimum and hourly overtime wage requirements for employees who are "engaged in commerce or in the production of goods for commerce" (individual-based coverage) or who are "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise-based coverage). *Martinez v. Manolos Tamales, Inc.*, 2015 U.S. Dist. LEXIS 115180, *2 (N.D. Ill. Aug. 31, 2015)(citing 29 U.S.C. §§ 206(a)(1)). To properly plead an FLSA claim, a plaintiff must plead either that he is an employee who is engaged in commerce, or that his employer is an enterprise engaged in commerce. *Torres,* 2015 U.S. Dist.

2

LEXIS 24545 at *4 (referencing *Rivera v. Heights Landscaping, Inc.*, 2004 U.S. Dist. LEXIS 3746, *1 (N.D. Ill. Mar. 5, 2004)).

      b.      *Plaintiff Has Sufficiently Pleaded Individual Coverage Under the FLSA*

An employee is individually covered by the FLSA if his work "is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity." *Aranda*, 2018 U.S. Dist. LEXIS 110268 at *5 (citing *Jacoby v. Schimka Auto Wreckers, Inc.*, 2010 U.S. Dist. LEXIS 815, *3 (N.D. Ill. Aug. 11, 2010)). To determine whether an employee is a covered individual under the FLSA, the focus is on "the nature of the activities of the employee, rather than the general character of the employer's business." *Rivera,* 2004 U.S. Dist. LEXIS 3746 at *9 (citing *Marshall v. Whitehead,* 463 F. Supp. 1329, 1341 (M.D. Fla. 1978)).

In Plaintiff's complaint, to establish individual coverage under the FLSA, he alleges that he "handled goods that moved in interstate commerce" and that he "was employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street" as well as the 95th Street location. Compl. ¶¶4(a), 11-12. In *Torres v. Pallets 4 Less*, the district court found that similar allegations in a plaintiff's complaint were sufficient to survive a motion to dismiss. 2015 U.S. Dist. LEXIS 23545 at *8 (finding that the plaintiff sufficiently pleaded individual coverage with their allegation that they "handled goods that moved or that were intended to move in interstate commerce").

Therefore, this Court should find that Plaintiff sufficiently pleaded individual coverage under the FLSA in his Complaint against Defendants.

      c.      *Plaintiff Has Sufficiently Pleaded Enterprise Coverage*

To be an enterprise covered by the FLSA, an employer must: (1) have "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling,

3

or otherwise working on goods or materials hat have been moved in or produced for commerce by any person"; and (2) have an annual gross volume of sales over $500,000.00. *Cardenas v. Grozdic*, 2012 U.S. Dist. LEXIS 84891 at *7 (N.D. Ill. 2012) (*citing* 29 U.S.C. § 203(s)(1)(A)(i)). Courts in this district have given enterprise coverage such a wide breadth that virtually any enterprise that hits the requisite gross amount needed is covered by the FLSA. *Ortega v. Due Fratelli, Inc.*, 2015 U.S. Dist. LEXIS 161053, at *3 (N.D. Ill. 2015).

In Plaintiff's complaint, to establish enterprise coverage under the FLSA, Plaintiff alleges the following:

> "4. During the course of his employment, Plaintiff Joel Hernandez:
>
>   a. handled goods that move in interstate commerce;
>
>   …
>
> 6. Within the relevant time period, Defendant Tacos Sahuayo, Inc. d/b/a Tacos Nietos:
>
>   a. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;
>
>   b. has had two (2) or more employees who have handled goods that moved in interstate commerce;
>
>   …"

Compl. ¶¶ 4(a), 7(c)-(d). As cited *supra.*, by referring to Section 3(s)(1)(A) of the FLSA, Plaintiff has alleged that Defendants had annual gross sales volume in excess of $500,000 within the relevant time period. Plaintiff alleges that Defendants had 2 or more employees who handled

4

goods that moved in interstate commerce. Compl. ¶7(d). In fact, Plaintiff has alleged that he has handled goods that moved in interstate commerce. Compl. ¶4(a).

In *Torres,* the district court found that similar allegations in a plaintiff's complaint were sufficient to survive a motion to dismiss. 2015 U.S. Dist. LEXIS 24545 at *8 (finding that the plaintiffs sufficiently pleaded enterprise coverage with their allegation that Defendant "is an 'enterprise' as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A)"). Furthermore, Plaintiff would not need to allege further factual support because it is plausible that in the course of his work for Defendants' two Mexican food restaurants, Plaintiff handled goods that moved in interstate commerce. *See Martinez*, 2015 U.S. Dist. LEXIS 115180 at *5 (finding that it is plausible that in course of working at a tamale restaurant in Chicago, plaintiff handled goods that moved in interstate commerce for enterprise coverage). Lastly, Plaintiff states the address for both of Defendants' restaurants. Compl. ¶¶ 10. These restaurant locations are very close to the Indiana border, and as such, it is reasonable to infer that Plaintiff handled goods that moved in interstate commerce

As Plaintiff has cited directly to the controlling statutes regarding the required gross amount and because he has made plausible allegations that can be reasonably inferred that he has handled equipment that has moved in interstate commerce, he has given more than a conclusory statement. Therefore, this Court should find that Plaintiff has sufficiently pleaded enterprise coverage under the FLSA in his Complaint.

  d. *If the Court Finds that Plaintiff Has Not Sufficiently Pleaded Enterprise or Individual Coverage, this Court should Allow Plaintiff to Amend His Complaint*

In the event the Court finds that Plaintiff has not sufficiently pleaded enterprise coverage and individual coverage under the FLSA in his Complaint, the Court should allow Plaintiff to amend his Complaint to cure any defects. In the Seventh Circuit, if the Court finds any defects in

5

a pleading, it can be "cured by a subsequent amended complaint making the appropriate allegations." *Sapperstein,* 188 F.3d at 855. *See also Aranda v. J Vega's Constr., Inc.*, 2018 U.S. Dist. LEXIS 110268, at *10 (N.D. Ill. July 2, 2018); *Macias v. All-Ways, Inc.*, 2017 U.S. Dist. LEXIS 80146, at *8 (N.D. Ill. 2017); *Urrutia v. Buena Vista Rest. & Bar,* 2014 U.S. Dist. LEXIS 177848 (N.D. Ill. 2014).

### III. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss Plaintiff's Complaint. In the alternative, should the Court find that Plaintiff has not sufficiently pleaded enterprise coverage and individual coverage under the FLSA, Plaintiff respectfully requests that the Court grant Plaintiff leave to amend his Complaint.

Respectfully submitted,

Dated: December 3, 2018

s/Javier Castro
Javier Castro
Lydia Colunga-Merchant
Raise the Floor Alliance –Legal Dept.
1 N. LaSalle, Suite 1275
Chicago, IL 60602
(312) 795-9115

*Attorneys for Plaintiff*