UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JOEL HERNANDEZ, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18 C 5883 |
| TACOS SAHUAYO, INC. d/b/a TACOS NIETOS, AGUSTIN ARCEO, and FRANCISCO ARCEO, | ) ) ) ) ) | Hon. Marvin E. Aspen |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Joel Hernandez brought a complaint against Defendants Tacos Sahuayo, Inc., doing business as Tacos Nietos ("Tacos Nietos"), Agustin Arceo ("Agustin"), and Francisco Arceo ("Francisco"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and the Illinois Minimum Wage Law, 820 ILCS 105. (Compl. (Dkt. No. 1).) Before us is Defendants' motion to dismiss Plaintiff's FLSA claims. (Mot. (Dkt. No. 9).) For the reasons stated below, we grant Defendants' motion and dismiss Plaintiff's FLSA claims, without prejudice. We further dismiss Plaintiff's supplemental state-law claims, without prejudice.

## BACKGROUND

The following facts are taken from the Plaintiff's complaint and are deemed true for the purposes of this motion. *See MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995). Tacos Nietos is a restaurant with two Chicago, Illinois locations: one at 3335 East 106th Street and another at 2836 East 95th Street. (Compl. ¶ 6(c),

10.) Agustin and Francisco own and operate Tacos Nietos. (*Id.* ¶¶ 8(a), 9(a).) Plaintiff worked at Tacos Nietos from September 2015 through approximately April 19, 2018. (*Id.* ¶ 11.) While Plaintiff was hired to work at the 106th Street location, he also worked at the 95th Street location. (*Id.* ¶¶ 11–12.) He claims that, while working for Tacos Nietos, he "handled goods that move[d] in interstate commerce." (*Id.* ¶ 4(a).) Plaintiff alleges that Tacos Nietos is an "'enterprise' as defined in Section 3(r)(1) of the FLSA, . . . and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA." (*Id.* ¶ 7(c).) Plaintiff further claims that Tacos Nietos had two or more employees and that it was his "employer" as defined by the FLSA. (*Id.* ¶¶ 7(d), 7(e).) Plaintiff claims that Defendants "regularly and customarily" required him to work more than forty hours a week but did not pay him overtime wages, in violation of the FLSA and Illinois Minimum Wage Law. (*Id.* ¶¶ 13–14.) Further, given his salary and hours requirements, Plaintiff alleges that his hourly rate fell below the "federal-, Illinois-, and Chicago-mandated minimum wage rates." (*Id.* ¶ 17.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)); *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618–19 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. These requirements ensure that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964.

## ANALYSIS

The FLSA places certain minimum and overtime wage requirements on employers for employees who are "engaged in commerce or in the production of goods for commerce," or who are "'employed' in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1); *see Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 894 (7th Cir. 2018) ("The FLSA requires employers to pay minimum wages and overtime compensation to nonexempt—i.e., hourly—employees." (citing 29 U.S.C. §§ 206–07)). For his FLSA claims to succeed, Plaintiff must establish "that he was employed by an enterprise that is engaged in commerce, or produces goods for commerce"—known as enterprise coverage—or that "he engaged in commerce or produced goods for commerce, which is known as 'individual coverage.'" *Rivas v. Marcelo Hand Car Wash Inc.*, 2010 WL 4386858, at *1 (N.D. Ill. Oct. 28, 2010) (internal quotation marks omitted) (citing *Jacoby v. Schimka Auto Wreckers, Inc.*, 2010 WL 3171515, at *2 (N.D. Ill. Aug. 11, 2010)).

3

Defendants argue that Plaintiff has insufficiently pleaded either individual or enterprise coverage. (Mot. at 1–4.) "The test for individual coverage is whether the employee's work 'is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated, local activity.'" *Martinez v. Manolos Tamales, Inc.*, 2015 WL 5144024, at *1 (N.D. Ill. Aug. 31, 2015). As Plaintiff acknowledges, the only allegations in his complaint to establish individual coverage are that he "handled goods that moved in interstate commerce" and "was employed by Defendants to work at the Tacos Nietos restaurant located on 106th Street as well as the 95th Street location." (Resp. at 3; Compl. ¶¶ 4(a), 11–12.) Such threadbare allegations do not create a plausible inference that Plaintiff's work was such that he was engaged in commerce or in the production of goods for commerce. Indeed, Plaintiff has not alleged even in what capacity he worked for Tacos Nietos, or how, if at all, the Tacos Nietos enterprise engaged in interstate commerce. *See, e.g.*, *Macias v. All-Ways, Inc.*, 2017 WL 2278061, at *2 (N.D. Ill. May 25, 2017) (finding the plaintiff's allegations that he did landscaping work and drove a truck for the defendants were "insufficient to support the plausible inference that Plaintiff's work was 'directly and vitally related' to interstate commerce"); *Martinez*, 2015 WL 5144024, at *2 ("Martinez's allegations that she cooked and cleaned at defendants' restaurants in Chicago are insufficient to raise a plausible inference that her work was 'directly and vitally related' to interstate commerce; she does not allege that she produced goods that then moved in interstate commerce, nor does she allege any work from which the Court can infer that she herself was engaged in interstate commerce."); *Urrutia v. Buena Vista Rest. & Bar*, 2014 WL 7403463, at *2 (N.D. Ill. Dec. 29, 2014) (finding the plaintiff's allegation that he "handled goods that moved or that were intended to move in interstate commerce . . . insufficient to raise the inference that his work for

the defendants was 'directly and vitally related' to interstate commerce"). We therefore find that Plaintiff has failed to adequately plead that Defendants are subject to individual coverage under the FLSA.

Plaintiff has further failed to adequately plead enterprise coverage. "An employer is subject to enterprise coverage under . . . the FLSA if it 'has employees engaged in commerce or in the production of goods for commerce . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Jacoby*, 2010 WL 3171515, at *2 (quoting *Guzman v. Irmadan*, 551 F. Supp. 2d 1368, 1370 (S.D. Fla. 2008)). To establish enterprise coverage, Plaintiff alleges that Tacos Nieto "has been an 'enterprise' as defined by Section 3(r)(1) of the FLSA, . . . and is an enterprise engaged in commerce, or in the production gods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA." (Mot. at 4 (quoting Compl. ¶ 6).) These allegations lack any detail "about the nature of Defendants' work or how it might be connected to interstate commerce." *Macias*, at *3 (N.D. Ill. May 25, 2017) (dismissing the plaintiff's complaint for failure to state a claim). Moreover, while Plaintiff argues that, "by referring to Section 3(s)(1)(A) of the FLSA, [he] has alleged that Defendants had annual gross sales volume in excess of $500,000 within the relevant time period," (Resp. at 4), we will not accept as true his "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). *See also Macias*, 2017 WL 2278061, at *3 (finding that the plaintiff failed to adequately allege that the defendant "had at least $500,000 in annual gross sales or business" because the plaintiff's complaint "d[id] not contain any allegations about the amount of [the defendant's] sales or the scope of its business"). Accordingly, we find that Plaintiff has failed to adequately allege that Defendants are subject to enterprise coverage under the FLSA because his complaint does not

5

plausibly allege that they have employees engaged in commerce or in the production of goods for commerce and have annual gross sales or business exceeding $500,000.

For the reasons discussed above, we grant Defendants' motion and dismiss Plaintiff's FLSA claims, without prejudice. Plaintiff may file an amended complaint on or before May 23, 2019, to the extent he can do so consistent with the requirements of Rules 8 and 11. Further, given that we have dismissed Plaintiff's federal claims at this early stage of the litigation, we follow the accepted general practice in this circuit and dismiss Plaintiff's related state-law claims, without prejudice. *RWJ Mgmt. Co. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." (internal quotation marks and citation omitted)). Should Plaintiff decide to proceed with his state-law claims before us, as opposed to the state court, he may include those claims in his amended complaint to be filed on or before May 23, 2019.

## CONCLUSION

Plaintiff's claims are hereby dismissed, without prejudice. Plaintiff may file an amended complaint on or before May 23, 2019. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: April 8, 2019
      Chicago, Illinois